# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| YOLANDA NAVARRETE, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: PWG-13-1362 |
| MILLER & LONG COMPANY, INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This Memorandum Opinion disposes of Defendant Miller & Long Co., Inc.'s Motion to Dismiss, ECF No. 4, and accompanying Memorandum, ECF No. 4-1; Plaintiff Yolanda Navarrete's Opposition, ECF No. 5, and accompanying Memorandum, ECF No. 5-1; and Defendant's Reply, ECF No. 6. A hearing is not necessary. *See* Loc. R. 105.6. For the reasons stated below, Defendant's Motion to Dismiss shall be GRANTED IN PART and DENIED IN PART.

### I. BACKGROUND

For purposes of considering Defendant's Motion, this Court accepts the facts that Plaintiff alleged in her Complaint as true. *See Aziz v. Alcoac*, 658 F.3d 388, 390 (4th Cir. 2011). Plaintiff is a Latina female who worked for Defendant from 1996 until 2008. Compl. ¶¶ 3, 5, 17, ECF No. 1. She began as a Project Manager and eventually became Senior Accounts Receivable Assistant. *Id.* ¶¶ 5–6. When her supervisor, the Manager of Accounts Receivable, became ill, Plaintiff stepped in and performed many of the Manager's tasks. *Id.* ¶¶ 6–7. Plaintiff received favorable reviews, salary increases, and bonuses. *Id.* ¶ 8. However, while Plaintiff performed

the duties of Manager of Accounts Receivable, and even after the Manager's death, Defendant did not promote her to that role. *See id.* ¶¶ 9–10.

Several months later, and without posting the position for applications, Defendant hired David Oschman, a Caucasian male, to manage Accounts Receivable. *Id.* ¶¶ 12–13. Defendant assigned Plaintiff to train Mr. Oschman, who had little experience related to that role. *Id.* ¶ 15. Then, Defendant allegedly began to subject Plaintiff to harsh and repeated criticism of her performance. *See id.* ¶ 16. Plaintiff resigned on March 31, 2008. *See id.* ¶ 17.

Plaintiff filed a complaint in the Montgomery County, Maryland Office of Human Rights ("MCOHR") alleging (1) unlawful discrimination for failure to promote and (2) constructive discharge. *Id.* ¶ 18. She received an unfavorable determination and appealed. *See id.* ¶¶ 19–20. It appears that Plaintiff did not receive a decision on her appeal before she requested, and received, a Right to Sue Letter from the EEOC. *See id.* ¶¶ 21–23. Plaintiff filed suit in this Court on May 8, 2013, alleging discriminatory failure to promote in violation of Title VII, 42 U.S.C. §§ 2000e *et seq.* (Count I) and racial discrimination in violation of 42 U.S.C. § 1981 (Count II). *See id.*

## II. STANDARD OF REVIEW

### A. Rule 12(b)(1) Standard When Jurisdictional Facts Allegedly Are Untrue

A party may move to dismiss a claim pursuant to Fed. R. Civ. P. 12(b)(1), which provides that a party may assert lack of subject matter jurisdiction by motion as a defense to a claim for relief. A Rule 12(b)(1) motion to dismiss may allege that "the jurisdictional allegations in the complaint are not true." *Fontell v. MCGEO UFCW Local 1994*, No. AW-09-2526, 2010 WL 3086498, at *3 (D. Md. Aug. 6, 2010); *see Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) (same). If the defendant alleges as much, then "the Court may . . . consider matters

beyond the allegations in the complaint." *Fontell*, 2010 WL 3086498, at *3. The Court "regard[s] the pleadings' allegations as mere evidence on the issue," and its consideration of additional evidence does not "convert[] the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac Ry. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see Adams*, 697 F.2d at 1219 ("A trial court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment.").

When a defendant challenges subject matter jurisdiction, the burden is on the plaintiff to prove that subject matter jurisdiction exists. *See Evans v. B.F. Perkins, Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *El-Amin v. Int'l Longshoremen's Ass'n Local No. 333*, No. CCB-10-3653, 2011 WL 2580630, at *2 (D. Md. June 28, 2011). "A court should grant a Rule 12(b)(1) motion 'if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *El-Amin*, 2011 WL 2580630, at *2 (quoting *Evans*, 166 F.3d at 647).

### B. Rule 12(b)(1) Standard When Plaintiff Allegedly Failed to Allege Facts Upon Which Subject Matter Jurisdiction Can Be Based

When a defendant moves to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, asserting that "a complaint simply fails to allege facts upon which subject matter jurisdiction can be based," as Defendant does here for failure to exhaust administrative remedies, "the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a 12(b)(6) consideration." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *see Lutfi v. United States*, ---- F. App'x ----, 2013 WL 1749526, at *4 (4th Cir. Apr. 24, 2013) (Slip Op.); *Fianko v. United States*, No. PWG-12-2025, 2013 WL 3873226, at *4 (D. Md. July 24, 2013). Thus, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir.

3

2009); *see In re KBR, Inc., Burn Pit Litig.*, 925 F. Supp. 2d 752, 758 (D. Md. 2013) (quoting *Kerns*, 585 F.3d at 192). "[W]hen 'jurisdictional facts are inextricably intertwined with those [facts] central to the merits, the [district] court should resolve the relevant factual disputes only after appropriate discovery.'" *Blitz v. Napolitano*, 700 F.3d 733, 739 (4th Cir. 2012) (quoting *Kerns*, 585 F.3d at 193). This Court must act "on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (citations omitted).

### C. Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This Rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Rule 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing the standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. When ruling on such a motion, the Court must

4

"accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

That said, "'factual allegations must be enough to raise a right to relief above a speculative level.'" *Proctor v. Metro. Money Store Corp.*, 645 F. Supp. 2d 464, 472–73 (D. Md. 2009) (quoting *Twombly*, 550 U.S. at 545). Particularly, the Court is not required to accept as true "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation omitted). In the context of employment discrimination,

> the Supreme Court [has] held that a Title VII plaintiff does not have to allege a prima facie case of employment discrimination to survive a motion to dismiss. [*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002).] All that a Title VII plaintiff must provide is "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 508 (quoting Fed.R.Civ.P. 8(a)). "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Id.* at 515 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

*Chernova v. Elec. Sys. Servs., Inc.*, 247 F. Supp. 2d 720, 722 (D. Md. 2003).

### III. DISCUSSION

**A. Motion to Dismiss Title VII Claim (Count I)**

As a preliminary note, Defendant, in its Reply, asks me to convert this Motion to Dismiss into a Motion for Summary Judgment because, in its view, I must look beyond the Complaint to resolve the issues raised. Def.'s Reply 1–2. However, Plaintiff may be entitled to discovery and such a ruling would be premature. *See Chernova*, 247 F. Supp. 2d at 722 (finding that it was premature to convert a motion to dismiss an employment discrimination claim to a motion for summary judgment when summary judgment was not fully briefed and the case was pre-

discovery). I decline to consider the extrinsic evidence (other than to determine the Court's subject matter jurisdiction, *see Richmond, Fredericksburg & Potomac Ry.*, 945 F.2d at 768) in resolving this Motion and, therefore, will not convert this Motion to one for summary judgment. *See MCS Servs., Inc. v. Jones*, No. WMN-10-1042, 2010 WL 3895380, at *7 n.3 (D. Md. Oct. 1, 2010) (declining to consider extrinsic evidence and, therefore, declining to convert a motion to dismiss into one for summary judgment).

*1. Timeliness*

Defendant argues that events that occurred before November 15, 2007 are outside Title VII's statute of limitations. Def.'s Mem. 6. Specifically, Defendant claims that the event triggering the alleged discrimination, the hiring of Mr. Oschman, occurred on October 30, 2007, which was sixteen days outside the 300-day statute of limitations governing Plaintiff's MCOHR Complaint. *Id.* However, Plaintiff alleges that the relevant events occurred "on or about November, 2007." Compl. ¶¶ 3, 12; *see also* Pl.'s Mem. 2–3. Defendant argues that the phrase "on or about November, 2007" is vague and erroneous. *See* Def.'s Mem. 6. In this regard, Defendant appears to seek dismissal under Rule 12(b)(1) by alleging that Plaintiff's jurisdictional facts are untrue.

As explained above, the facts alleged in the Complaint are accepted as true and reasonable inferences are resolved for the Plaintiff for purposes of this motion to dismiss. *See*, *e.g.*, *Ibarra*, 120 F.3d at 474. Further, an affirmative defense, such as a statute of limitations, "may only be reached at the Rule 12(b)(6) stage if all facts necessary to the affirmative defense clearly appear on the face of the complaint." *In re Minh Vu Hoang*, No. DKC 12-0593, 2013 WL 1105021, at *10 (D. Md. Mar. 15, 2013) (quoting *Fulmore v. City of Greensboro*, 834 F. Supp. 2d 396, 421 (M.D.N.C. 2011)) (internal quotation marks omitted).

Plaintiff alleges that the relevant events for Defendant's discriminatory failure to promote occurred on or about November, 2007. This action is pre-discovery and the relevant evidence of when the actionable events took place largely is in the possession of the employer. The Court must resolve inferences, and especially affirmative defenses, in favor of the Plaintiff. *See Ibarra*, 120 F.3d at 474; *In re Minh Vu Hoang*, 2013 WL 1105021, at *10. Accordingly, I assume for the purposes of this motion that the actionable events occurred in the latter half of the month, within the statute of limitations. Therefore, Plaintiff's claim is timely for purposes of this motion to dismiss because the material jurisdictional facts are in dispute, precluding a determination that Defendant "is entitled to prevail as a matter of law." *See El-Amin*, 2011 WL 2580630, at *2 (citation omitted).

### 2. *Exhaustion of Administrative Remedies*

Defendant claims that Plaintiff failed to exhaust her administrative remedies, warranting a dismissal under Fed. R. Civ. P. 12(b)(1). Def.'s Mem. 3. In this regard, Defendant appears to seek dismissal for failure to allege facts upon which subject matter jurisdiction can be based, rather than on the basis that the jurisdictional facts, as alleged, are untrue. According to Defendant, although Plaintiff brought claims of non-selection as manager and constructive discharge before the MCOHR, she did not present a claim for harsh and repeated criticism. *Id.* at 7. In response, Plaintiff argues that the harsh and repeated criticism allegation is evidence in support of Plaintiff's claim of constructive discharge, rather than a standalone claim. *See* Pl.'s Mem. 6.

When considering the Rule 12(b)(1) issue, the Court may consider extrinsic evidence to determine its own subject matter jurisdiction without converting the motion to dismiss into one for summary judgment. *See Richmond, Fredericksburg & Potomac Ry.*, 945 F.2d at 768; *Adams*,

7

697 F.2d at 1219. Administrative complaints in Title VII actions define the scope of discrimination suits. *Jenkins v. Baltimore City Fire Dep't*, 862 F. Supp. 2d 427, 443 (D. Md. 2012), *aff'd*, 519 F. App'x 192 (4th Cir. 2013). However, litigants are not limited strictly to the scope of the administrative proceedings, but rather to what investigation reasonably can follow from that proceeding. *Id.* (quoting *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002)). The requirement of exhaustion does not limit litigants to the precise wording of the formal charge of discrimination because those charges (1) generally are filed by lay persons and (2) are intended only to put employers on notice of the potentially viable claims and to screen spurious claims. *Id.* (citing *Talbot v. U.S. Foodservice, Inc.*, 191 F. Supp. 2d 637, 640 (D. Md. 2002)). In this case, Plaintiff's harsh and repeated criticism allegation, *see* Compl. ¶ 16, is fairly encompassed in her MCOHR claim for constructive discharge. Therefore, Plaintiff has exhausted her administrative remedies.

### 3. *Failure to State a Claim for Constructive Discharge*

Defendant also seeks dismissal on the grounds that Plaintiff failed to state a claim for constructive discharge. Def.'s Mem. 9. According to Defendant, Plaintiff has not alleged deliberate inducement to quit or objectively intolerable conditions. *Id.* Plaintiff responds by arguing that she has pleaded multiple instances of Defendant's conduct that a jury could find constitute intolerable conditions. Pl.'s Mem. 7–8. However, Plaintiff does not address Defendant's argument regarding deliberate inducement to quit.

In the Fourth Circuit, constructive discharge requires that Plaintiff allege "(1) the deliberateness of [the employer's] actions, motivated by racial [or national origin] bias, and (2) the objective intolerability of the working conditions." *Lauture v. Saint Agnes Hosp.*, 429 F. App'x 300, 307 (4th Cir. 2011). Notably, "'[d]issatisfaction with work assignments, a feeling of

8

being unfairly criticized, or difficult or unpleasant working conditions are not so intolerable as to compel a reasonable person to resign.'" *Cohens v. Md. Dep't of Human Resources*, No. WDQ-11-3419, 2013 WL 3944451, at *6 (D. Md. July 30, 2013) (quoting *Carter v. Ball*, 33 F.3d 450, 459 (4th Cir. 1994)). A plaintiff's allegations that

> her supervisors yelled at her, told her she was a poor manager and gave her poor evaluations, chastised her in front of customers, and once required her to work with an injured back . . . , even if true, do not establish the objectively intolerable working conditions necessary to prove a constructive discharge.

*Williams v. Giant Food Inc.*, 370 F.3d 423, 434 (4th Cir. 2004).

Notably, despite the parties' arguments over the sufficiency of Plaintiff's pleading of constructive discharge, Plaintiff has not included a count for such a claim. Instead, Plaintiff pleads constructive discharge as a supporting point under her claim for discriminatory failure to promote. *See* Compl. ¶ 36. Courts differ on the question of whether constructive discharge constitutes an independent cause of action. *Compare Crockett v. SRA Int'l*, ---- F. Supp. 2d ----, 2013 WL 1856447, at *9 (D. Md. May 1, 2013) (holding that constructive discharge is only a method through which to establish an adverse employment action rather than a standalone cause of action), *with Lauture v. St. Agnes Hosp.*, No. CCB-08-943, 2009 WL 5166253, at *9 (D. Md. Dec. 29, 2009), *aff'd*, 429 F. App'x at 307–08 (analyzing a constructive discharge claim separately from the plaintiff's claims for discrimination, hostile work environment, breach of contract, and intentional infliction of emotion distress). Regardless of whether constructive discharge is a separate cause of action or a means of proving discrimination, Plaintiff has not alleged deliberate inducement to quit, a required element for constructive discharge. *Lauture*, 429 F. App'x at 307. Further, a reasonable jury could not infer intolerable conditions from the facts alleged in the Complaint, which are wholly conclusory. *See Veney*, 293 F.3d at 730. Therefore, even if Plaintiff had included a claim for constructive discharge, she failed to plead

9

the required elements.  However, that failure does not affect the claim for discriminatory failure to promote.  Defendant's Motion to Dismiss Count I, which is a claim for discriminatory failure to promote and not for constructive discharge, shall be DENIED.

### B. Motion to Dismiss Claim under 42 U.S.C. § 1981 (Count II)

Plaintiff alleges racial discrimination in violation of 42 U.S.C. § 1981.  Compl. ¶¶ 38–39.  Defendant moves to dismiss this Count as untimely considering the four-year statute of limitations set forth in 28 U.S.C. § 1658.  Def.'s Mem. 8.  Plaintiff acknowledges that the claim is outside the statute of limitations and withdraws the claim.  *See* Pl.'s Mem. 6.  Therefore, noting the parties' agreement, Count II shall be DISMISSED.

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss shall be GRANTED IN PART and DENIED IN PART.  Count I SHALL PROCEED as to Plaintiff's claim of discriminatory failure to promote in violation of Title VII.  Count II shall be DISMISSED.

A separate order shall issue.

Dated: <u>November 13, 2013</u>              /S/
                                                        Paul W. Grimm
                                                        United States District Judge

jwr